UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. HAYWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-cv-00021-GCS |
| | ) |
| ADRIAN FEINERMAN, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

### INTRODUCTION AND BACKGROUND

Now before the Court is Defendant Feinerman's motion for summary judgment. (Doc. 64, 65, 70). Specifically, Feinerman argues that Haywood's complaint is devoid of any allegation that Feinerman played any role in Haywood's care after 2008; thus, Haywood's lawsuit against him is untimely as Haywood filed suit against him in 2018. Haywood, through court assigned counsel, opposes the motion merely contending that the Court should disregard Feinerman's affidavit. (Doc. 69). Based on the reasons delineated below, the Court rejects Haywood's argument and the Court **GRANTS** the motion for summary judgment.

On January 3, 2018, Plaintiff John D. Haywood, an inmate housed at the Lawrence

Correctional Center ("Lawrence"), filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). (Doc. 1). On March 1, 2018, the Court screened Haywood's complaint pursuant to 28 U.S.C. § 1915A and severed his claims into several counts, with the following claims surviving review:

> **Count 3**: Eighth Amendment deliberate indifference claim against Feinerman for taking away Plaintiff's braces and wheelchair at Menard in November 2007; and
>
> **Count 4**: First Amendment retaliation claim against Feinerman for taking away Plaintiff's wheelchair after Plaintiff complained to the Warden about Feinerman taking his braces upon his arrival at Menard in November 2007.

### FACTS[1]

The following facts are taken from the record and presented in the light most favorable to Haywood, the non-moving party, and all reasonable inferences are drawn in his favor. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009).

The events surrounding this lawsuit occurred at Menard. Haywood is an inmate within the Illinois Department of Corrections ("IDOC") and currently housed at Lawrence. Feinerman last provided treatment to Haywood in 2008 and stopped providing treatment to inmates at Menard in 2009. Feinerman further stopped providing services to IDOC inmates at other facilities in January 2010. Haywood filed this lawsuit on January 3, 2018.

---

[1] In his opposition, Haywood does not dispute the facts submitted by Feinerman nor did Haywood present his own set of facts. He merely asserts that Feinerman's affidavit is not supported by any evidence in the record.

## LEGAL STANDARDS AND ANALYSIS

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See Archdiocese of Milwaukee v. Doe*, 743 F.3d 1101, 1105 (7th Cir. 2014)(citing FED. R. CIV. PROC. 56(a)). *Accord Anderson v. Donahoe*, 699 F.3d 989, 994 (7th Cir. 2012). A genuine issue of material fact remains "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). *Accord Bunn v. Khoury Enterpr., Inc.*, 753 F.3d 676, 681-682 (7th Cir. 2014).

In assessing a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *See Anderson*, 699 F.3d at 994; *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011). As the Seventh Circuit has explained, and as required by Rule 56(a), "we set forth the facts by examining the evidence in the light reasonably most favorable to the non-moving party, giving [him] the benefit of reasonable, favorable inferences and resolving conflicts in the evidence in [his] favor." *Spaine v. Community Contacts, Inc.*, 756 F.3d 542, 544 (7th Cir. 2014). The Court's role at summary judgment is not to evaluate the weight of evidence, to judge witness credibility, or to determine the truth of the matter. Instead, the Court is to determine whether a genuine issue of fact exists. *See Nat'l Athletic Sportwear Inc. v. Westfield Ins. Co.*, 528 F.3d 508, 512 (7th Cir. 2008).

It is well established that the statute of limitations and tolling laws in the state where the alleged injury occurred are applied in actions brought pursuant to 42 U.S.C. § 1983. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998)(citations omitted). The alleged injury at issue occurred in Illinois, and as such, Illinois law controls. Illinois prescribes that actions for personal injury must be commenced within two years after the cause of action accrued. Accordingly, this case is governed by a two-year statute of limitations period. *See* 735 ILCS § 5/13-202. *See also Ashafa*, 146 F.3d at 461 (noting that "appropriate statute of limitations for § 1983 cases filed in Illinois is two years . . . .").

A Section 1983 claim arising from deliberate indifference to a prisoner's serious medical needs accrues when the plaintiff knows of his physical injury and its cause. *See Devbrow v. Kalu*, 705 F.3d 765, 768 (7th Cir. 2013). Ongoing violations of a plaintiff's constitutional rights may delay the accrual date under the continuing violation doctrine. *See Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). But a defendant's continuing violation of a plaintiff's rights can delay the start of the limitations period only "for as long as the defendant[] had the power to do something about [the plaintiff's] condition." *Id.* at 318. Simply put, if a defendant leaves his or her employment at the correctional facility where a plaintiff is incarcerated, the statute of limitations begins to run. *See, e.g., Wilson v. Wexford Health Sources, Inc.*, 932 F.3d 513, 518 (7th Cir. 2019)(stating that "[t]he date of the defendant's departure thus marks the last possible time when the claim might have accrued.") *See also Heard v. Elyea*, No. 12-3397, 525 Fed. Appx. 510, 511-512 (7th Cir. June 3, 2013)(noting two year limitations period under Illinois law and holding that cause

of action against medical director due to failure to treat hernia in a timely manner accrued when the director retired and was no longer in a position to help or harm the inmate).

Clearly, Haywood's claims against Feinerman are untimely. Based on the allegations in the complaint and Feinerman's affidavit, Feinerman was last involved with Haywood's care at Menard in February or March 2008. Furthermore, Feinerman stopped providing medical care to inmates at Menard in 2009 and ceased providing services to IDOC inmates at other facilities in 2010. Here, Haywood did not file suit against Feinerman until 2018 – a period of almost nine years after Feinerman was in a position to help or harm Haywood at Menard and almost eight years after Feinerman stopped providing medical care to all IDOC inmates. This is well beyond the accrual period and the subsequent running of the statute of limitations in this case. Haywood's claims against Feinerman are thus time-barred.

## Conclusion

Accordingly, the Court **GRANTS** Defendant Feinerman's motion for summary judgment (Doc. 64). The Court finds in favor of Adrian Feinerman and against John D. Haywood. Further, the Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same. Haywood shall take nothing from this case.

**IT IS SO ORDERED.**

**Date: July 2, 2020.**

Digitally signed by Magistrate Judge Gilbert C. Sison
Date: 2020.07.02 10:47:44 -05'00'

GILBERT C. SISON
United States Magistrate Judge