UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN D. HAYWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:18-cv-00021-GCS |
| | ) |
| ADRIAN FEINERMAN, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

INTRODUCTION AND BACKGROUND

Pending before the Court are Plaintiff John D. Haywood's July 22, 2020 motion to reconsider and motion to amend complaint. (Doc. 73 & 74, respectively).[1] Defendant Adrian Feinerman opposes both motions. (Doc. 76 & 77, respectively). Based on the following, the Court **DENIES** the motion to reconsider and **DENIES as moot** the motion to amend.

On January 3, 2018, Haywood, an inmate housed at the Lawrence Correctional Center ("Lawrence"), filed a civil rights action pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard"). (Doc. 1). On March 1, 2018, the Court screened Haywood's complaint

---

[1] The Court considers Haywood's motion to reconsider as a motion to alter or amend judgment.

pursuant to 28 U.S.C. § 1915A and severed his claims into several counts, with the following claims surviving review:

> **Count 3**: Eighth Amendment deliberate indifference claim against Feinerman for taking away Plaintiff's braces and wheelchair at Menard in November 2007; and
>
> **Count 4**: First Amendment retaliation claim against Feinerman for taking away Plaintiff's wheelchair after Plaintiff complained to the Warden about Feinerman taking his braces upon his arrival at Menard in November 2007.

On July 2, 2020, the Court granted Feinerman's motion for summary judgment finding that Haywood's claims against him were untimely. (Doc. 71). The Court entered a judgment reflecting the same on July 7, 2020. (Doc. 72). On July 22, 2020, Haywood filed the motion to reconsider and the motion to amend. (Doc. 73 and 74).

Haywood's motion was filed within 28 days of the entry of judgment and it will therefore be considered under Rule 59(e). *See Banks v. Chicago Board of Education*, 750 F.3d 663, 666 (7th Cir. 2014). Altering or amending a judgment through Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," and "[a] 'manifest error' is not demonstrated by the disappointment of the losing party"; rather, "[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)(citation and internal quotations omitted). Rule 59(e) permits the Court to alter or amend judgments upon motion filed no later than 28 days after the date of entry.

A Rule 59(e) motion "is only proper when the movant presents newly discovered evidence . . . or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Burritt v. Ditlefsen*, 807 F.3d 239, 252-253 (7th Cir. 2015)(citations and internal quotations omitted). The motion is not an invitation to rehash previously considered and rejected arguments. *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

The Court finds that there is no manifest error of law or fact under the standard set forth under Rule 59(e). Haywood clearly takes issue with the Court's conclusion that his claims against Feinerman are untimely. His motion provides no additional or new evidence that demonstrates that this Court's Memorandum and Order contained a manifest error of fact or law. In fact, the undersigned thoroughly addressed Haywood's claims and why his claims were untimely in the July 2, 2020 Memorandum and Order. Further, the Court remains convinced of the correctness of its decision. There has not been a wholesale disregard for, misapplication of, or failure to recognize controlling precedent. Instead, this is an instance where the losing party is disappointed by the outcome. That alone is insufficient to warrant a reversal. As such, the Court **DENIES** Haywood's motion to reconsider which the Court construes as a motion alter or amend (Doc. 73). Further, the Court DENIES as moot the motion to amend (Doc. 74).

**IT IS SO ORDERED.**

Dated: July 29, 2020.

Digitally signed by Judge Sison
Date: 2020.07.29 10:07:54 -05'00'

GILBERT C. SISON
United States Magistrate Judge